**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Kathy Coleman,** ) | **CASE NO. 1:16 CV 1229** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | <u>**Memorandum of Opinion and Order**</u> |
| **City of University Heights,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### INTRODUCTION

*Pro se* Plaintiff Kathy Coleman filed this action under 42 U.S.C. § 1983 against the City of University Heights, University Heights Mayor Susan Infeld, University Heights Police Sergeant Orians, University Heights Police Officer John Doe, University Heights Building Commissioner Eric Tuck-Macala, the Plain Dealer, LLC., the Plain Dealer Publishing Company, the Northeast Ohio Media Group, LLC., Ryllie Danylko, WEWS News Station, E.W. Scripps Company, John Kosich, and Jeff Harris.  In the Complaint, Plaintiff alleges police falsely accused her of breaking and entering and assaulting a police officer, and the media Defendants publicized reports of the incident without providing her version of the events.  She asserts a claim for violation of her First Amendment right to freedom of speech, as well as state law claims for intentional infliction of emotional distress and defamation.  She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  (ECF No. 2).  That Application is granted.

**BACKGROUND**

Plaintiff contends that on May 15, 2015, she and two handymen entered a home at 3901 Silsby Road, University Heights, Ohio to make repairs.  The home was damaged by fire in September 2013.  Plaintiff claims she was the owner of the house; however, she acknowledges that it was the subject of a twelve-year foreclosure action.  The Cuyahoga County Court of Common Pleas docket indicates that a judgment of foreclosure was granted to Chase Mortgage Company and the property was sold at sheriff's sale in April 2011 to Homesales, Inc.  *See Chase Mortgage Company, West v. Coleman*, No CV-03-505359 (Cuyahoga Cty Ct. Comm. Pl. filed July 11, 2003).  Plaintiff alleges that University Heights police arrived at the home, without a warrant, to harass her because she engaged in community activism.  She claims she got to safety by backing her car out of the driveway and denies hitting anyone in the process.

Plaintiff further claims the news media Defendants reported that she had broken into a bank-owned, abandoned house and had nearly struck two officers with her car as she fled the scene.  The Defendants reported that a warrant had been issued for her arrest on charges of felonious assault.  She indicates she contacted the media Defendants but they refused to report her side of the story.

Plaintiff asserts three causes of action against the Defendants.  First, she states, without explanation, that the Defendants violated her right to freedom of speech.  Second, she asserts the Defendants are liable to her for intentional infliction of emotional distress.  Finally, she claims the Defendants' actions constitute defamation.  She seeks monetary damages.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

The only claim asserted in the Complaint that arises under federal law is Plaintiff's claim under 42 U.S.C. § 1983 for violation of her First Amendment rights. This claim appears to be asserted against the media Defendants for refusing to report her version of the incident on May 15, 2015. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. The Plain Dealer, LLC., the Plain Dealer Publishing Company, the Northeast Ohio Media Group, LLC., Ryllie Danylko, WEWS News Station, E.W. Scripps Company, John Kosich, and Jeff Harris are private parties, not government officials or agencies.

A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Plaintiff does not allege any facts suggesting that these news media Defendants could be considered to be state actors. Plaintiff cannot assert a claim for violation of her First Amendment rights against the Plain Dealer, LLC., the Plain Dealer Publishing Company, the Northeast Ohio Media Group, LLC., Ryllie Danylko, WEWS News Station, E.W. Scripps Company, John Kosich, or Jeff Harris.

-4-

While the City of University Heights, Mayor Susan Infeld, Police Sergeant Orians, Police Officer John Doe, and Building Commissioner Eric Tuck-Macala are government officials and entities, Plaintiff failed to allege any facts to support a claim against them for violation of the First Amendment.  She states only that "[t]he aforementioned actions of the Defendants constitute free speech violations under the First Amendment."  (ECF No. 1 at 5).  A legal conclusion, unsupported by factual allegations, is insufficient to state a claim upon which relief may be granted.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Plaintiff's remaining claims for intentional infliction of emotional distress and defamation arise, if at all, under state tort law.  Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).  The Court, however, may exercise discretion in hearing state law matters.  *Id.* at 726.  In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed.  *Id.*  Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge

Dated: 6/7/16